| | |
|---|---|
| 1 | PHILLIP A. TALBERT |
|   | United States Attorney |
| 2 | KIMBERLY A. SANCHEZ |
|   | MELANIE L. ALSWORTH |
| 3 | Assistant United States Attorneys |
|   | 2500 Tulare Street, Suite 4401 |
| 4 | Fresno, CA 93721 |
|   | Telephone: (559) 497-4000 |
| 5 | Facsimile: (559) 497-4099 |
|   | Attorneys for Plaintiff |
| 6 | United States of America |

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:16-CR-00122-DAD-BAM-6 |
|---|---|
| Plaintiff, | AMENDED STIPULATION AND ORDER REGARDING MENTAL COMPETENCY EVALUATION AND EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT |
| v. | |
| RAFAEL DeLaTORRE, | |
| Defendants. | |

Plaintiff United States of America, by and through its counsel of record, and defendant Rafael DeLaTorre, by and through defendant's counsel of record, hereby stipulate as follows:

1. On or about March 29, 2017, the defendant's attorney filed under seal a report by Dr. A. A. Howsepian. ECF Nos. 123, 126-129. Based on the report, both parties agree that there is a doubt as to the defendant's competency and that a hearing to determine the mental competency of the defendant, pursuant to 18 U.S.C. § 424l(a), is appropriate.

2. The government requests, and the defendant does not object, that the defendant be further evaluated by a Forensic Psychologist at a Federal Bureau of Prisons ("BOP") Forensic Study Site prior to the competency hearing. Pursuant to I 8 U.S.C. § 4247(b), this Court may order an examination by "more than one such examiner." In order to effectuate that request, the Court may commit the defendant to the custody of the Attorney General for placement in a suitable facility to be examined for a reasonable period not to exceed 30 days 18 U.S.C. § 4247(b). The director of the examining facility may request a reasonable extension, not to exceed 15 days (although the parties recognize that the Court indicated a disinclination to grant any such request and defendant is likely to object.) 18 U.S.C. § 4247(b).

1

3. Based on the record to date, there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is (1) unable to understand the nature and consequences of the proceedings against him, or (2) to assist properly in his defense.

4. There is a compelling government interest in (1) obtaining a thorough and complete examination to protect the due process rights of the defendant and because the government bears the burden of proving competency; (2) ensuring that the defendant is available for trial; (3) providing a speedy trial; (4) preventing unnecessary delay; and (5) ensuring defendant's appearance at psychiatric examinations.

5. BOP regularly employs highly competent Forensic Psychologists who perform an extremely comprehensive competency evaluation.

6. The nearest BOP Forensic Study Site capable of conducting the necessary evaluation is in Los Angeles, California.

7. All Federal Bureau of Prisons ("BOP") Forensic Study Sites that conduct mental competency evaluations require the defendant to be in custody during the evaluation period.

8. The defendant requests that the Court recommend that he be placed in the Metropolitan Detention Center (MDC) facility located in Los Angeles, California. The government does not oppose such recommendation.

9. The parties agree that the status conference regarding the status of the mental competency evaluation be set for July 17, 2017.

10. The parties further request the Court to enter an Order finding that the "ends of justice" served by a continuance outweigh the interest of the public and the defendant in a speedy trial, and that the delay through July 17, 2017, is excluded from the Act's time limits pursuant to:

    (a) 18 U.S.C. § 3161(h)(7)(A), B(iv) and B(ii) based on the ongoing defense preparation for trial and the voluminous discovery in this matter, and (2) that this case was so unusual and complex, due to the nature of the prosecution, that it was unreasonable to expect adequate preparation for the trial itself within the time limits established by Section 3161.

    (b) Time should also be ordered excluded under 18 U.S.C. § 316l(h)(l)(A) (providing for exclusion of time within which trial must commence for "delay resulting from any proceeding,

including any examinations, to determine the mental competency or physical capacity of the defendant"), through the date of the Court's ultimate competency hearing for defendant Rafael DeLaTorre. *See United States v. Miranda*, 986 F.2d 1283, 1294-85 (9th Cir. 1993) (holding that § 4241 (a) time limits for competency evaluation do not limit excludable time for competency examinations under § 3161 (h)(l )(A), and upholding exclusion of 106 days in which defendant's mental competency evaluation report was under preparation); accord United States v. Daychild, 357 F.3d 1092, 1094 (9th Cir. 2004).

   (c) Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated: June 5, 2017            Respectfully submitted,

                    PHILLIP A. TALBERT
                    United States Attorney


                By  /s/ Kimberly A. Sanchez
                  KIMBERLY A. SANCHEZ
                  Assistant U.S. Attorney

Dated: June 5, 2017            /s/ Dale A. Blickenstaff
                  DALE A. BLICKENSTAFF
                  Attorney for Defendant

# **ORDER**

BASED ON THE STIPULATION OF THE PARTIES, THE COURT HEREBY ORDERS AS FOLLOWS:

1. The defendant shall submit to a mental competency evaluation to assess his competency to stand trial in this case.

2. The mental competency evaluation shall be conducted by the Federal Bureau of Prisons ("BOP").

3. The BOP shall, as soon as possible, designate a facility for the defendant's mental competency evaluation.

4. The Court strongly recommends that the BOP designate the defendant to the MDC in Los Angeles, California.

5. The defendant shall surrender himself to the Forensic Study Site designated by the BOP within 14 days of receiving notice of the BOP's designation.

6. The Court is disinclined to grant any extensions to the 30 day time limit set in 18 U.S.C. § 4247(b).

7. The defendant shall be immediately released from the designated BOP facility upon completion of his mental competency evaluation.

8. The BOP shall, as soon as possible, furnish the Court with a report evaluating the defendant's mental competency and ability to stand trial.

9. The status conference regarding the mental competency evaluation shall be set for **July 24, 2017** at 10:00 a.m. Time is hereby excluded under the Speedy Trial Act under 18 U.S.C. §§ 3161(h)(7)(A), B(iv) and B(ii), from the date of entry of this Order through July 24, 2017. Time is also excluded pursuant to 18 U.S.C. § 3161(h)(1)(A) through the date of the defendant's mental competency hearing.

IT IS SO ORDERED.

Dated: **June 7, 2017**

_____
UNITED STATES DISTRICT JUDGE